AMERICAN CASE & REGISTER COMPANY, APPELLANT, V. D.
J. CATCHPOLE, APPELLEE.

FILED FEBRUARY 25, 1913.        No. 17,051.

1. **Pleading:** ANSWER: SUFFICIENCY. If there is no motion in the trial
   court to require a more complete and certain statement of facts
   in an answer alleging fraud in procuring a signature to a promis-
   sory note, the answer will be liberally construed in that regard to
   support the judgment.

2. **Appeal:** CONFLICTING EVIDENCE. A law case tried by the district
   court without a jury upon conflicting evidence will not be reversed
   upon appeal, unless from the whole record it appears that the
   judgment is clearly wrong.

APPEAL from the district court for Johnson county:
LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*L. C. Chapman,* for appellant.

*Burr, Greene & Greene* and *E. Ross Hitchcock, contra.*

SEDGWICK, J.

The plaintiff brought this action in the district court

for Johnson county upon a note which it was alleged in his petition was given for an "account register." The allegations of the answer substantially admit the signing of the note by the defendant, but allege that it was obtained by the fraud of the plaintiff's agent. The defendant alleged that he signed the order for the machine, and "that his name was obtained without the knowledge or intention of the defendant to the note as well as to the said order, which was done by the use of carbon paper, and the defendant was thus deceived, and his signature was obtained to the note sued on, without the knowledge or intention of the defendant, by the use of carbon paper in this fraudulent manner."

This, perhaps, is not a very artistic manner of pleading the facts constituting the fraud, but no motion was made for a more definite statement, and the defendant's evidence of fraud was received without objection on the ground of any supposed insufficiency of the answer. The defendant testified positively to the signing of the order, and that he only signed his name once, and did not know at the time that he had signed any such note, or that it was intended that he should.

The case was tried to the court without a jury, and the court found for the defendant and dismissed the plaintiff's action. The evidence is perhaps conflicting, but we cannot reverse the judgment of the trial court under such circumstances, if there is a substantial conflict, and it does not affirmatively appear that the finding is clearly wrong.

The judgment of the district court is

AFFIRMED.